ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612-5217
    Telephone: (510) 637-3721
    Facsimile:  (510) 637-3724
    michael.keough@usdoj.gov

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and PETE BUTTIGIEG, in his official capacity as United States Secretary of Transportation,<br><br>Plaintiffs,<br><br>v.<br><br>Southwest Airlines Co.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

The United States of America and Pete Buttigieg, in his official capacity as the United States Secretary of Transportation, file this complaint against Southwest Airlines Co. ("Southwest") and allege as follows:

**INTRODUCTION**

1. In today's busy and fast-paced world of airline travel, it is critical that passengers have accurate information about the time that flights will arrive at their destinations. Passengers rely on this information to ensure sufficient time to transfer to connecting flights, to arrive punctually to important meetings or events, and to coordinate airport transportation. Delayed flights result in potential missed connections, disruption to travel plans or other plans, increased costs due to unexpected accommodation needs, and a negative impact on overall customer satisfaction.

COMPLAINT                                                                       1

2. When an airline knows that a particular flight is consistently late, it is essential that the airline adjusts its schedule. But on many occasions, Southwest has chosen not to make such adjustments, and instead has continued to market its flights using unrealistic schedules. By doing so, Southwest has caused significant harm to its customers.

3. For example, in April 2022, Southwest's Flight 1029 from Chicago, Illinois to Oakland, California arrived late on 19 of 25 trips by an average of over an hour. But Southwest did not adjust the schedule; instead, it continued to market the flight with an unrealistic schedule. The next month, Flight 1029 continued to be delayed, arriving late 16 out of 27 trips by an average delay of 80 minutes. And over the next three months, this flight was always late more than half of the time, and the average delay always exceeded one hour.

4. Southwest engaged in similar scheduling practices with respect to a flight from Baltimore, Maryland to Cleveland, Ohio. This flight was late more than half the time for at least five consecutive months, with average monthly delays as high as 96 minutes.

5. Southwest's conduct violated the Federal Aviation Act's prohibition on unfair or deceptive practices or unfair methods of competition in air transportation, as well as Department of Transportation regulations prohibiting unrealistic scheduling and the holding out of chronically delayed flights for more than four consecutive months.

6. The United States and the Secretary of Transportation bring this lawsuit to hold Southwest accountable for its actions, to collect civil penalties, and to ensure that Southwest does not engage in unrealistic scheduling and hold out chronically delayed flights in the future.

**PARTIES**

7. Plaintiff the United States of America brings this action pursuant to 49 U.S.C. § 46107(b)(1), which provides that the Attorney General, at the request of the Secretary of Transportation, may bring a civil action to enforce the Federal Aviation Act or a regulation prescribed under that Act.

8. The Secretary of Transportation brings this action in his official capacity pursuant to 49 U.S.C. § 46106, which provides that the Secretary of Transportation may bring a civil action to enforce the Federal Aviation Act or a regulation prescribed under that Act. The Secretary of Transportation is

the head of the United States Department of Transportation, an executive department of the United States that is headquartered at 1200 New Jersey Avenue SE, Washington, District of Columbia 20590.

9. Defendant Southwest is an air carrier, as defined by 49 U.S.C. § 40102(a)(2), that holds a certificate of public convenience and necessity and is a "reporting carrier" as defined in 14 C.F.R. Part 234. Southwest is incorporated in Texas and has its principal place of business in Dallas, Texas.

**JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT**

10. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, 49 U.S.C. § 46106, 49 U.S.C. § 46107(b), and 49 U.S.C. § 46305.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1395, and 49 U.S.C. § 46106, because Southwest does business in this District and violations giving rise to this action occurred in this District.

12. Pursuant to Civil Local Rule 3-2, assignment to either the San Francisco Division or the Oakland Division is appropriate because a substantial part of the events or omissions giving rise to the claim occurred in Alameda County.

**FACTS**

13. In October 2022, pursuant to 49 U.S.C. § 41712(a), the U.S. Department of Transportation's Office of Aviation Consumer Protection (OACP) initiated an investigation to determine whether Southwest had been or was engaging in an unfair or deceptive practice and unfair method of competition by holding out chronically delayed flights for more than four consecutive months.

14. A "chronically delayed flight" means any domestic flight that is operated at least 10 times a month and arrives more than 30 minutes late (including cancelled flights) more than 50 percent of the time during that month. 14 C.F.R. § 399.81(c)(2). For purposes of determining chronically delayed flights, the Department considers all of a carrier's flights that are operated in a given city-pair market whose scheduled departure times are within 30 minutes of the most frequently occurring scheduled departure time to be one single flight. *Id.* § 399.81(c)(3).

15. The holding out (*i.e.*, offering to the public) of a chronically delayed flight for more than four consecutive one-month periods represents one form of unrealistic scheduling and is an unfair or

deceptive practice and unfair method of competition within the meaning of 49 U.S.C. § 41712. 14 C.F.R. § 399.81(d).

16. The Department of Transportation, Bureau of Transportation Statistics tracks the on-time performance of domestic flights operated by large air carriers, including Southwest.

17. After reviewing flight performance data submitted by Southwest to the Department's Bureau of Transportation Statistics, OACP determined that Southwest operated two chronically delayed flights in 2022 for four consecutive one-month periods from April 2022 through July 2022.

    a. From April 2022 through July 2022, Southwest operated a chronically delayed flight between Chicago and Oakland, California (operated as Flight 1029 in April and May 2022 and as Flight 1767 in June, July, and August 2022):

        i. In April 2022, Flight 1029 was more than 30 minutes late 19 out of 25 trips, by an average of 74 minutes.

        ii. In May 2022, Flight 1029 was more than 30 minutes late 16 out of 27 trips, by an average of 80 minutes.

        iii. In June 2022, Flight 1767 was more than 30 minutes late 19 out of 26 trips, by an average of 87 minutes.

        iv. In July 2022, Flight 1767 was more than 30 minutes late 17 out of 26 trips, by an average of 69 minutes.

    b. From April 2022 through July 2022, Southwest operated a chronically delayed flight between Baltimore, Maryland and Cleveland, Ohio (operated as Flight 1614 in April and May 2022 and as Flight 2556 in June, July, and August 2022):

        i. In April 2022, Flight 1614 was more than 30 minutes late 22 out of 26 trips, by an average of 66 minutes.

        ii. In May 2022, Flight 1614 was more than 30 minutes late 19 out of 27 trips, by an average of 70 minutes.

        iii. In June 2022, Flight 2556 was more than 30 minutes late 19 out of 29 trips, by an average of 96 minutes.

        iv.      In July 2022, Flight 2556 was more than 30 minutes late 17 out of 31 trips, by an average of 69 minutes.

18. After having operated these chronically delayed flights for four consecutive one-month periods from April to July 2022, Southwest continued to hold out these flights without adjusting their schedules, and they continued to be chronically delayed. In August 2022, Flight 1767 between Chicago and Oakland was held out to be operated 27 times. Seventeen of those flights were more than 30 minutes late, by an average of 61 minutes. In August 2022, Flight 2556 between Baltimore and Cleveland was held out to be operated 31 times. Eighteen of those flights were more than 30 minutes late, by an average of 63 minutes.

19. Holding out these chronically delayed flights disregarded consumers' need to have reliable information about the real arrival time of a flight and harmed thousands of passengers traveling on these Southwest flights by causing disruptions to travel plans or other plans.

## FIRST CAUSE OF ACTION

**Engaging in Unfair or Deceptive Practices and Unfair Methods of Competition**

**in Violation of 49 U.S.C. § 41712(a), 14 C.F.R. § 399.81(a), and 14 C.F.R. § 399.81(c)(4)**

20. The United States and the Secretary of Transportation incorporate by reference paragraphs 1 through 19 above as if set forth in full.

21. 49 U.S.C. § 41712(a) prohibits an air carrier, foreign air carrier, or ticket agent from engaging in "an unfair or deceptive practice or unfair method of competition in air transportation or the sale of air transportation." Department of Transportation regulations provide that an air carrier engages in an unfair or deceptive practice and an unfair method of competition when it holds out a chronically delayed flight for more than four consecutive one-month periods or otherwise engages in the unrealistic scheduling of flights. 14 C.F.R. § 399.81(a), (c)(4).

22. Southwest is an air carrier as defined in 49 U.S.C. § 40102(a)(2).

23. Southwest operated "chronically delayed" flights, as defined by 14 C.F.R. § 399.81(c):

    a.    between Baltimore, Maryland and Cleveland, Ohio each month between April 2022 and August 2022; and

      b.    between Chicago, Illinois and Oakland, California each month between April 2022 and August 2022.

24. In August 2022, after holding out two chronically delayed flights for at least four months, Southwest continued to hold out these chronically delayed flights to be operated 58 times. These flights continued to be chronically delayed in August 2022.

25. In holding out these chronically delayed flights for more than four consecutive one-month periods, Southwest engaged in unrealistic scheduling of flights, and engaged in unfair or deceptive practices and unfair methods of competition in air transportation. Southwest's holding out of these two chronically delayed flights to be operated 58 times in August 2022 violated 49 U.S.C. § 41712(a), 14 C.F.R. § 399.81(a), and 14 C.F.R. § 399.81(c)(4).

26. Southwest is liable to the United States Government for a civil penalty of up to $37,377 for each violation of 49 U.S.C. § 41712(a) or DOT regulations. Pursuant to 49 U.S.C. § 46301(a)(2), a separate violation takes place for each day the violation continues or, if applicable, for each flight involving the violation.

## RELIEF REQUESTED

WHEREFORE, the United States and Pete Buttigieg, in his official capacity as the United States Secretary of Transportation, respectfully request judgment in their favor and against Southwest:

    a.    Declaring that Southwest violated 49 U.S.C. § 41712(a), 14 C.F.R. § 399.81(a), and 14 C.F.R. § 399.81(c)(4);

    b.    Awarding civil penalties to the United States up to the maximum amount allowed by law for each violation of 49 U.S.C. § 41712(a), 14 C.F.R. § 399.81(a), and 14 C.F.R. § 399.81(c)(4); and

    c.    Granting such other and further relief as the Court may deem just and proper.

DATED: January 15, 2025                     Respectfully submitted,

                                              ISMAIL J. RAMSEY
                                              United States Attorney

                                              */s/ Michael A. Keough*
                                              MICHAEL A. KEOUGH
                                              Assistant United States Attorney

```
1   SUBASH IYER
       Acting General Counsel
2   BRIAN T. STANSBURY
       Deputy General Counsel
3   CHARLES E. ENLOE
       Assistant General Counsel
4   PETER J. PLOCKI
       Deputy Assistant General Counsel
5   ERIN D. HENDRIXSON
       Senior Trial Attorney
6   Office of Litigation and Enforcement

7   BLANE A. WORKIE
       Assistant General Counsel
8   KIMBERLY GRABER
       Deputy Assistant General Counsel
9   STUART HINDMAN
       Senior Trial Attorney
10  Office of Aviation Consumer Protection

11  United States Department of Transportation
```